# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:12-cr-00079

DOUGLAS JONATHAN WESLEY, JR.,

        Defendant.


### MEMORANDUM OPINION AND ORDER

Pending before the Court are four motions, all filed by Defendant Douglas Jonathan Wesley: (1) Motion to Extend Time to File Pretrial Motions [Docket 19]; (2) Motion for Permission to Submit Further Motions [Docket 20]; (3) Motion to Compel [Docket 21]; and (4) Motion to Dismiss [Docket 24]. The United States filed a response to Defendant's Motion to Dismiss but did not file responses to the other three motions. On May 31 and June 12, 2012, the Court held hearings on Defendant's motions. Following the June 12th hearing, the United States filed a supplemental response to the Motion to Dismiss.

For reasons that follow, the Court **GRANTS** Defendant's Motion to Extend Time to File Pretrial Motions [Docket 19] and Motion for Permission to Submit Further Motions [Docket 20]; **DENIES AS MOOT** Defendant's Motion to Compel [Docket 21]; and **DENIES** his Motion to Dismiss [Docket 24].

## I. BACKGROUND

This case concerns unusual and troubling conduct on the part of counsel for the United States. Therefore, a detailed recitation of the background of this case is necessary.

On April 18, 2012, a federal grand jury returned a single-count indictment charging Defendant with possession of a firearm while being a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant's prior conviction is alleged to be first degree robbery. On the same day the indictment was returned, Defendant was arrested and had his initial appearance before United States Magistrate Judge Mary E. Stanley. The United States moved to detain Defendant. Magistrate Judge Stanley scheduled an arraignment and detention hearing for April 23, 2012. On April 20, 2012, Defendant moved to continue the arraignment and detention hearing to April 24, 2012. On April 23, 2012, Magistrate Judge Stanley granted Defendant's motion and continued the hearing to April 24th.

At the April 24 hearing, Defendant was arraigned. Trial was scheduled for June 19, 2012, and the deadline for filing pretrial motions was set for May 21, 2012. At the hearing, the Special Assistant United States Attorney ("SAUSA") and defense counsel completed the Standard Discovery Request Form ("Form") as provided by this District's Local Rule 16.1. The Form memorialized counsel's mutual agreements with respect to discovery, most notably the SAUSA's agreement to provide the discovery materials Defendant requested "not later than fourteen (14) days from the date of this Order, or as otherwise agreed by the parties, or ordered by the Court." (Docket 18 at 5.) The Form also states that the United States must file a written response to Defendant's standard discovery requests within the fourteen day time frame (or the time frame agreed to by counsel). On the motion to detain, Magistrate Judge Stanley took evidence and

2

heard argument by counsel. Thereafter, she ordered that Defendant be detained because of his violent criminal history and positive drug screens.

Based on counsel's discovery agreements, the United States was obligated to provide Defendant with discovery and file its written discovery response not later than May 8, 2012. On May 17, 2012, Defendant, having received no discovery from the United States, filed his Motion to Extend Time to File Pretrial Motions and his Motion for Permission to Submit Further Motions. The SAUSA failed to respond to these motions and failed to furnish Defendant with his requested discovery. On May 24, 2012—the Thursday before the Memorial Day weekend—Defendant filed his Motion to Compel seeking an Order from the Court directing the United States to provide Defendant with discovery. Again, the SAUSA failed to file a response to this motion. The SAUSA did, however, telephone defense counsel at some point before or during the holiday weekend, explain that she was out of town, apologize for her error in not providing the discovery, and advise him that she would provide him the discovery on Tuesday, May 29, 2012. On the evening of May 29, the SAUSA hand-delivered the discovery to defense counsel at his office.

On May 31, 2012, the Court conducted a hearing on Defendant's Motion to Extend Time to File Pretrial Motions, Motion for Permission to Submit Further Motions, and Motion to Compel. Defense counsel confirmed that he received discovery from the SAUSA the evening of May 29, but that the SAUSA had still not yet filed the written discovery response required by Local Rule 16.1. The SAUSA explained that she did not realize that she had not provided discovery until she saw Defendant's Motion to Compel. She candidly stated, "There is no excuse for it other than it completely slipped my mind and it's my fault and I apologize to the Court and Mr. Price and the defendant." (May 31, 2012, Rough Draft Tr. at 2.) Thereafter, the Court addressed Defendant's

motions seeking additional time to file motions and permission to file additional motions. Defense counsel expressed concern that the tardy discovery infringed Defendant's right to a speedy trial. More specifically, counsel argued that if the Court were to extend the deadlines for filing and responding to motions by the amount of time he was originally entitled to have, then that extension would necessitate a continuance of trial beyond the seventy day limit under the Speedy Trial Act. The Court advised defense counsel that the Court would afford him the opportunity to review the discovery he recently received and allow him extra time to file motions seeking whatever relief he deemed appropriate. Thereupon, the Court adjourned the hearing.

On the afternoon of May 31, 2012, following the pre-trial motions hearing, the United States filed its written discovery response.

On June 6, 2012, Defendant filed his Motion to Dismiss the indictment. The grounds for the motion are the United States' repeated discovery violations, which Defendant argues contravene Local Rule 16.1 (prescribing a fourteen day deadline from the date of the arraignment order for the United States to turn over discovery), Rule 16 of the Federal Rules of Criminal Procedure (generally governing discovery, but providing no specific time frame), and the Speedy Trial Act ("STA") (18 U.S.C. §§ 3161, 3162). He claims, without elaboration, that the Government's misconduct "has impeded the Defendant's ability to defend this case and violates the Defendant's right to due process." (Docket 24 at 3.) He further argues that continuing trial to a date within STA computation "would require the Defendant to defend the matters presented in the discovery in a time-frame that is shorter than he would otherwise have been allowed absent the Government's dilatory conduct." (*Id.*) He claims that the Government's conduct was either neglectful or willful. As for a remedy, Defendant asserts that the sanctions provision of 18 U.S.C.

§ 3162 "allows for dismissal of the indictment" and that Rule 16 permits the Court to exclude the undisclosed evidence. He requests dismissal or, alternatively, exclusion of all undisclosed evidence. (*Id.*)

On June 11, 2012, the United States filed its response to the Motion to Dismiss that explains her failure to provide discovery and her interactions with defense counsel. (Docket 30.) She states that the error was an "oversight" on her part and was not intentional. (*Id.*) She argues that the Defendant does not allege bad faith on the Government's part and has made no showing of prejudice; thus, the appropriate remedy under Rule 16 is a continuance. The SAUSA's response contains no discussion of the STA or what the appropriate remedy under the statute might be.

Also on June 11, 2012, Defendant filed his Motion in Limine. (Docket 31.) That motion seeks an order in advance of trial prohibiting the United States from offering expert testimony establishing that the firearm Defendant is alleged to have unlawfully possessed traveled in interstate commerce. The basis for the motion is that the United States advised Defendant in its May 31, 2012, written discovery response that it did not intend to introduce any expert testimony at trial.

On June 12, 2012, the Court held a hearing to address Defendant's Motion to Dismiss. Just prior to the hearing, the United States filed a supplemental discovery response. (Docket 32.) In this response, the United States advised Defendant that it intended to introduce expert testimony to establish the interstate nexus for the firearm and provided the name of the expert witness and his curriculum vitae. At the hearing, Defendant reiterated his contention that the United States' repeated discovery violations have prejudiced his ability to prepare for trial within the seventy day period allowed under the STA. Defendant stated that, in light of the repeated discovery violations

in this case, "nobody's watching the shop" at the United States Attorney's Office. He expressed concern that, if the prosecution team cannot comply with standard discovery rules, how could a defendant have confidence that they are complying with their *Brady* and *Giglio* obligations. He did not allege, however, that the United States acted willfully or in bad faith.

With respect to the Court's inquiry regarding the impact of the prosecution's discovery violations on Defendant's speedy trial rights, counsel for both parties offered little assistance. The United States, which did not address the STA in its response to the Motion to Dismiss, took the position that under Rule 16 of the Federal Rules of Criminal Procedure a continuance of the trial was the appropriate remedy to cure any prejudice that resulted from the discovery violations. Defense counsel asserted, citing no authority, that because his pretrial motions were necessitated by prosecutorial misconduct, the motions did not toll the speedy trial clock. The Court asked defense counsel how much of a continuance would be an adequate amount of time to prepare for trial. Defense counsel stated that thirty days would be adequate. The Court adjourned the hearing, taking Defendant's Motion to Dismiss under advisement.

On June 14, 2012, the United States filed a supplemental response to the Motion to Dismiss which contained a discussion of law pertinent to the Court's speedy trial inquiry.

Trial of this matter is presently scheduled for tomorrow, June 19, 2012.

## II.    DISCUSSION

Under the STA, trial of a defendant charged in an information or indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute

excludes from the seventy day time computation numerous periods of delay. 18 U.S.C. § 3161(h)(1-8). One such exclusion is "delay resulting from *any* pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D) (emphasis added).

By its plain terms, the pendency of "any" pretrial motion tolls the speedy trial clock. Congress did not afford any special exemption from this rule for motions that relate to discovery abuses or other prosecutorial misconduct. Courts have held that absent evidence that the Government's misconduct was in bad faith and chronic, motions relating to discovery violations toll the speedy trial clock. *See, e.g.*, *United States v. Anderson*, 902 F.2d 1105, 1109 (2d Cir. 1990) (reasoning that, absent a showing that the Government's failure to comply with court's discovery order was in bad faith and chronic, defendant's motion to suppress based on discovery violations did not toll the speedy trial clock) (citing *United States v. Hastings*, 847 F.2d 920, 922 (1st Cir. 1988)); *United States v. Cianciola,* 920 F.2d 1295, 1300 (6th Cir. 1990) (stating that where there was no evidence of bad faith or chronic discovery abuses, where the government's failure to comply with its discovery obligations was inadvertent, and where defendant demonstrated no actual prejudice, delay caused by continuance was properly excluded from speedy trial computation).

Here, the indictment and Defendant's initial appearance occurred on the same day, April 18, 2012; thus, the speedy trial clock commenced the next day, April 19, 2012. Absent any permissible exclusions, the speedy trial clock expires on June 28, 2012. *See* 18 U.S.C. § 3161(c)(1). However, because there is no evidence or allegation that the United States' discovery violations were done in bad faith or intentionally, and because Defendant has failed to demonstrate

actual prejudice, an additional period must be added to account for pending motions. 18 U.S.C. § 3161(h)(1)(D).

The Court's speedy trial calculation is as follows:  The speedy trial clock was triggered on April 19, 2012, the day following Defendant's indictment and arraignment.  On April 20, 2012, Defendant moved to continue his detention hearing.  Magistrate Judge Stanley granted his motion on April 23, 2012.  Thus, three days are excludable on account of this motion.  On May 17, 2012, Defendant filed his Motion to Extend Time to File Pretrial Motions and Motion for Permission to Submit Further Motions.  At the May 31, 2012, hearing, the Court advised Defendant it would it would give him "extra time to file motions," thus effectively granting Defendant's May 17 motions at that time.  Thus, the Court excludes an additional fourteen days from the speedy trial computation.  On May 24, 2012, Defendant filed his Motion to Compel.  This motion is pending. Because this motion partially overlaps the time frame that the two May 17 motions were pending prior to the May 31 hearing, that period is not counted.  The period from June 1 forward, however, is counted and an additional eighteen days are added (*i.e.* June 1 through the present).  On June 11, 2012, Defendant filed a Motion in Limine. This motion is under active advisement by the Court and will not be decided by this Order.  Additional excludable time will continue to accumulate until that motion is decided.  Thus, at a minimum, a total of thirty-six excludable days are factored into the speedy trial computation, yielding a total of 106 days (seventy plus thirty-six). As of the date of this Order, trial of this case must commence on or before August 3, 2012.

## III.    CONCLUSION

To state what is obvious, the conduct of counsel for the United States, while not in bad faith and not meriting dismissal of this case, reflects poorly on the Department of Justice.  The Court

admonishes the United States that any further mishandling of its professional obligations could result in dismissal of this case and other sanctions.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Extend Time to File Pretrial Motions [Docket 19] and Motion for Permission to Submit Further Motions [Docket 20]; **DENIES AS MOOT** Defendant's Motion to Compel [Docket 21]; and **DENIES** his Motion to Dismiss [Docket 24].

The Court **CONTINUES** trial of this case to **July 31, 2012 at 9:00 a.m.** in Charleston.   A hearing to address pretrial motions will be held on **July 16, 2012 at 9:00 a.m.**   Pre-trial motions are due on or before **July 9, 2012.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        JUNE 18, 2012

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE